**UNITED STATES DISTRICT COURT**
**for**
**NORTHERN DISTRICT OF TEXAS**

# Petition for Person Under Supervision

Name of Offender: Bryan Craig Childs Case No.: 5:21-CR-062-H(01)

Name of Sentencing Judge: Senior U.S. District Judge Sidney A. Fitzwater (Reassigned to U.S. District Judge Matthew J. Kacsmaryk on August 1, 2019, pursuant to Special Order 3-327. Intra-district jurisdiction transferred to U.S. District Judge James Wesley Hendrix on May 13, 2021.)

Date of Original Sentence: December 5, 2017

Original Offense: 18 U.S.C. §1038(a)(1), False Information and Hoaxes, a Class D Felony

Original Sentence: 27 months custody as to Count 1 to run consecutive to any sentence hereafter imposed in Case No 22,575-2015 by the 402nd District Court of Wood County, Texas, 3-year term of supervised release

Revocations: None

U.S. Marshals No.: 55840-177

Type of Supervision: Supervised Release Date Supervision Commenced: March 10, 2020

Assistant U.S. Attorney: Joshua Jerome Frausto Defense Attorney: David Christopher Hesse (Court appointed)

---

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

**I.**

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state or local crime.

**Violation of Mandatory Condition No. 2**

You must not unlawfully possess a controlled substance.

**Nature of Noncompliance**

On March 1, 2021, Bryan Craig Childs (Childs) was arrested by the Texas Department of Public Safety (DPS), Lubbock, Texas, for committing the offense of Possession of a Controlled Substance With Intent to Distribute, Penalty Group 1, 1 to 4 Grams, a Second Degree Felony, as evidenced by the DPS Offense Report No. 2021I-CID5-50067465(S2). The offense report describes that DPS agents received information regarding a methamphetamine and fentanyl trafficker in Lubbock, Texas, namely Childs. Agents were able to secure a search warrant, and on March 1, 2021, the search warrant was served on Mr. Child's residence and his vehicles.

While searching Child's residence and vehicles, agents located digital scales, empty plastic baggies of various sizes, methamphetamine pipes, cell phones, clear crystal substances that field tested positive for methamphetamine, fentanyl pills, credit and debit cards belonging to other people, and a cut ankle monitor belonging to someone other than Childs. Additionally, the report indicated that Childs refused to speak to agents regarding his arrest. This arrest has been assigned Lubbock County Case No. 2021-5007465, and it is currently pending. Childs has since bonded out on a $5,000 bond.

**II.**

**Violation of Standard Condition No. 2**

After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Nature of Noncompliance**

Bryan Craig Childs violated this condition of supervision by failing to report to the U.S. Probation and Pretrial Services Office for the month of June 2021, as previously instructed.

**III.**

**Violation of Special Condition**

You shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. You shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment. You shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

**Nature of Noncompliance**

Bryan Craig Childs violated this condition of supervised release as he failed to report to Texas Tech University Health Sciences Center/Southwest Institute for Addictive Diseases (TTUHSC/SWIAD), Lubbock, Texas, the local drug aftercare provider, to submit to urine testing on May 18 and 27, and June 8 and 16, 2021.

**Personal History**

Bryan Craig Child's term of supervised release began on March 10, 2020, in the Northern District of Texas, Lubbock Division. On March 16, 2020, he was referred to TTUHSC/SWIAD, Lubbock, Texas, the local drug aftercare treatment provider, for participation in substance abuse treatment services, which he completed on September 30, 2020. In March 2021, Mr. Childs was arrested for a drug-related charge and was again referred to TTUHCS/SWIAD where he failed to provide multiple urine tests. While on supervision, Mr. Childs worked full-time at Chep Pallets, Lubbock Texas. As of the date of this petition, several attempts to contact Mr. Childs have been unsuccessful, and it is believed that he has absconded from supervision.

**Statutory Provisions — Protect Act Supervised Release**

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and failure to comply with drug testing - sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

**Chapter 7 Violation Computations**

| | | |
|---|---|---|
| **Violation Grade:** | B | USSG §§7B1.1(a)(2), p.s., & 7B1.3(a)(1) & (f), p.s. |
| **Criminal History Category:** | V | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 18-24 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2021
Respectfully submitted,

Paulmichael Lucero
U.S. Probation Officer
Lubbock Division
Phone: 806-472-1141

Approved,

Tye Lawrence
Supervising U.S. Probation Officer
Phone: 806-472-1144

PL

---

**Order of the Court:**

- ☐ No action.
- ☑ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons
- ☐ Other or Additional:

___

___

- ☐ File under seal until further order of the Court.

The Honorable James Wesley Hendrix
U.S. District Judge

6/28/2021
Date