UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Government, | ) | |
| VS. | ) | CAUSE NO. 5:21-CR-062-H |
| BRYAN CRAIG CHILDS, Defendant. | ) | |

---

REVOCATION HEARING
BEFORE THE HONORABLE JAMES WESLEY HENDRIX,
UNITED STATES DISTRICT JUDGE

SEPTEMBER 15, 2022
LUBBOCK, TEXAS

---

A P P E A R A N C E S

FOR THE GOVERNMENT:
UNITED STATES ATTORNEY'S OFFICE
1205 TEXAS AVENUE, SUITE 700
LUBBOCK, TEXAS 79401
BY: JEFFREY R. HAAG

FOR THE DEFENDANT:
FEDERAL PUBLIC DEFENDER'S OFFICE
1205 TEXAS AVENUE, SUITE 506
LUBBOCK, TEXAS 79401
BY: WADE WILLIAM IVERSON

FEDERAL OFFICIAL COURT REPORTER: MECHELLE DANIEL, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401, (806) 744-7667.

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

INDEX

DEFENDANT PLEADS TRUE TO ALLEGATIONS.................... 4
DEFENDANT'S SENTENCING EVIDENCE/ARGUMENT................ 5
ALLOCUTION.............................................. 8
COURT GRANTS GOVERNMENT'S MOTION TO REVOKE.............. 8
SENTENCE BY THE COURT................................... 9
RIGHT TO APPEAL......................................... 10
OBJECTION TO SENTENCE................................... 11

* * * * *

P R O C E E D I N G S

THE COURT: The Court calls United States vs. Bryan Craig Childs, 5:21-CR-062.

Who is here on behalf of Mr. Childs?

MR. IVERSON: Your Honor, Wade Iverson present and ready with the defendant.

THE COURT: Thank you, Mr. Iverson.

For the United States?

MR. HAAG: Jeffrey Haag on behalf of the United States. Ready to proceed, Your Honor.

THE COURT: Thank you, Mr. Haag.

Mr. Childs, good morning.

THE DEFENDANT: How are you doing?

THE COURT: Good. Will you please raise your right hand, sir.

(THE DEFENDANT IS SWORN BY THE COURT)

THE COURT: Thank you, sir.

Please tell me your full name.

THE DEFENDANT: Bryan Craig Childs.

THE COURT: Mr. Childs, this matter comes before the Court on your probation officer's petition for offender under supervision and the government's motion to revoke your term of supervised release.

Those documents allege violations of one standard condition and one special condition. The violations are

outlined in those documents, but, in short, sir, you're accused of violating your conditions of release by failing to report to United States Probation and Pretrial Services and failing to submit multiple urine samples to your drug treatment program.

Mr. Childs, have you had an opportunity to discuss your probation officer's petition and the government's motion with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand the allegations being made against you and the potential consequences if you were to plead true?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understand we're here so I can determine whether to revoke your term of supervision and, if so, what sentence to impose?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Iverson, do you agree that your client is competent and capable of participating today?

MR. IVERSON: Yes, Your Honor.

THE COURT: And how does he intend to plead?

MR. IVERSON: True, Your Honor.

THE COURT: Mr. Childs, is that right? Are the allegations against you true or are they not true?

THE DEFENDANT: True.

THE COURT: Is anybody making you do that or

forcing you into that decision?

THE DEFENDANT: No, Your Honor.

THE COURT: Any evidence or argument from the United States?

MR. HAAG: No, Your Honor, thank you.

THE COURT: All right. Mr. Iverson, I'll hear from you any evidence or argument that you might have. I will note that I have reviewed and I do find credible details in the--I think it's a DPS supplemental report--yeah, the DPS supplemental report about things that were found during the search. I understand that that case, I think, is ongoing, that he has not pled true to it, and I'm not insinuating that there would be any consequence as a result of that. But he was found at a house with multiple items, like drugs, a digital scale, et cetera.

If you think I'm wrong in that finding or relying on that, please let me know. If you have evidence otherwise, let me know. I'm not saying that that necessarily results in a new offense, but being found in a house while on supervision with those items is particularly concerning to me.

All right. Any evidence or argument?

MR. IVERSON: I appreciate that, Your Honor. He was out on bond on that charge. It is still pending. He intends to go to trial on that, that he wasn't directly responsible for that material. And so he's persisting in his

not-guilty plea there and intends to go to trial.

We appreciate the Court hearing and having this motion to revoke from the government so we can focus on these violations that, in fact, did occur, and he has pled true. And so I ask that you keep that open mind, that he is pursuing that at trial.

So it's my understanding that, with the allegations in the motion to revoke, would make this a C, a Grade C, and--

THE COURT: Yeah. C-5, 7 to 13.

MR. IVERSON: Yes, Your Honor. And so for that reason-- He went into federal custody on August 25th, so it has been 386 days, so ten days short of 13 months. And so we would request that sentence of time served, 386 days, given the violations that we pled true to and, again, giving him the opportunity to proceed with his trial and fight those allegations at the state level, Your Honor.

THE COURT: All right. I do understand that request, and I certainly don't blame you for making it. I have tentatively concluded that an upward variance might be in order here, so if you have additional argument about that-- I'm not inclined to grant that request.

MR. IVERSON: Understood, Your Honor. As far as his background, he was able to initially successfully complete his treatment program. He was cooperative. Things were going well.

THE COURT: Okay.

MR. IVERSON: Obviously, getting associated again with people and why he found himself where this search occurred and those things were found--he understands that he has got to do better. He was given the opportunity to get back in treatment and missed those urinalysis appointments. He understands that, given the opportunity-- I don't expect you to impose paper again, having not received the conditions, but he understands--

THE COURT: That's correct, yeah.

MR. IVERSON: --that he has got to do better. He can't associate with these people. It's nobody's fault but his own that he was around them and involved in this whole mess and that he's standing here in front you, and he accepts responsibility for that, Your Honor.

And so we would ask that you consider that factor, as far as his successful completion and at least initial attempts to do things right upon supervised release. Thank you, Your Honor.

THE COURT: Okay. Thank you. I appreciate that argument, and I will take it into account.

Mr. Childs, you do have the right to tell me anything you'd like to tell me. You do not have to say anything if you don't want to. I won't hold it against you if you don't. But it is your right. Is there anything you'd like

to say?

THE DEFENDANT: Yes. I just want the Court to know and Your Honor to know that I do accept responsibility for my actions, and I will correct my mistakes in the future.

THE COURT: Okay. All right. Thank you, sir. I'll take that into account.

I've considered the government's motion. I've heard the defendant's admission of true to the allegations in it. The motion is granted. The term of supervised release previously imposed in this case is revoked.

We have a Grade C violation, a Criminal History Category of V. That results in an advisory policy statement range of 7 to 13 months' imprisonment. The statutory maximum for confinement is 2 years. The statutory maximum for reimposition of supervised release is not more than 3 years, minus any revocation sentence imposed.

In determining the appropriate sentence here, I've considered all the considerations I'm required to consider. I've considered none that I am barred from considering under the statute and binding precedent.

Your conditions of release, sir, existed for your benefit. They were not flexible. They were not negotiable. Nevertheless, you violated. It wasn't just one violation. There were multiple violations here.

I understand that you are persisting in your

not-guilty plea, and I don't doubt that, and I'm not finding that you have committed that offense. But, while on federal supervision, you were found in a house where you stayed that included methamphetamine pipes, digital scales, plastic bags, and clear crystal substances that tested positive for methamphetamine, again, in your apartment.

Even if your guilty plea is that, "Hey, that was somebody's else stuff, that wasn't mine," even if a jury finds that--believes you or finds that the State doesn't prove your guilt beyond a reasonable doubt, just that you were placing yourself or allowing in your apartment digital scales, plastic bags, methamphetamine is incredibly concerning to me.

Following your prior term of incarceration, you get on supervision. You know these rules are expected of you, and you allow yourself to be around that. I can't ignore that, and I find that incredibly, incredibly disappointing and concerning.

I've considered the nature and circumstances of your offense, your history and your characteristics, and the need to afford adequate deterrence, and I have considered all of those things and I have determined that a sentence of 24 months is sufficient, but not greater than necessary.

I did consider a sentence within the advisory policy statement range. Given all the facts and circumstances before me and the pleas of true to the violations, a sentence

within that range would just simply not be reasonable. So 24 months is the sentence.

Now, I'm not going to impose any additional term of supervision in this case.

This sentence is going to run consecutively to any sentence imposed in Case Number 4101852001 pending in the 137th District Court of Lubbock County, Texas.

You do have the right to appeal from your revocation and from the sentence that I have imposed. If you'd like to appeal, you need to file a notice of appeal within 14 days of today in this court. If you want to do that, just tell Mr. Iverson. He knows that process very well, and he can get that done for you.

He can also ask that the costs of that appeal go to the United States, and not to you.

Do you understand those rights?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Mr. Iverson, anything further?

MR. IVERSON: Your Honor, given that sentence, we would make a nonbinding request for El Reno--FCI El Reno, Your Honor.

THE COURT: That's granted. FCI, I believe it is?

MR. IVERSON: I think so.

THE DEFENDANT: Yeah, it's a--

MR. IVERSON: Yes. Yes, Your Honor.

THE COURT: That's granted. I will make a nonbinding placement recommendation for FCI El Reno.

MR. IVERSON: And then I do object as substantively unreasonable, too long, given the guideline range of 7 to 13 months, Your Honor.

THE COURT: I understand. You think the sentence is simply too long?

MR. IVERSON: That's correct, Your Honor.

THE COURT: I understand that objection. It is preserved, and it is overruled.

Anything else from the United States?

MR. HAAG: No, Your Honor, thank you.

THE COURT: All right. Mr. Childs, at this time, I remand you to the custody of the United States Marshal, and I do wish you good luck, sir.

THE DEFENDANT: Thank you, Your Honor.

(END OF HEARING)

I, Mechelle Daniel, Federal Official Court Reporter in and for the United States District Court for the Northern District of Texas, do hereby certify pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*/s/ Mechelle Daniel* **DATE** NOVEMBER 28, 2022

MECHELLE DANIEL, CSR #3549
FEDERAL OFFICIAL COURT REPORTER